# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Rafael Mendez-Soto,

      Petitioner

v.

Jo Gentry, et al.,

      Respondents

Case No.: 2:17-cv-02640-JAD-CWH

**Service Order**

Pro se petitioner Rafael Mendez-Soto is serving 6–20 years at the Southern Desert Correctional Center after he pled guilty to killing someone while driving under the influence and fleeing the scene.[1]  He petitions for a writ of habeas corpus, arguing that his counsel provided ineffective assistance by failing to file a direct appeal.[2]  Mendez-Soto has paid the filing fee, and I have reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts.

Accordingly, the **Clerk of Court** is directed to **DETACH and FILE** the petition **[ECF No. 1-1]** and **ELECTRONICALLY SERVE** it on the respondents.  The **Clerk of Court** is also directed to add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

IT IS FURTHER ORDERED that respondents have **until June 6, 2018, to answer or move to dismiss the petition.**   All other motions and requests for relief will be governed by the local rules' normal briefing schedule.  Any response must comply with the remaining provisions below, which are entered in accordance with Habeas Rule 5.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss.  Successive motions and procedural defenses raised in the answer will not be entertained, and procedural defenses that are not included in the dismissal motion will be deemed waived.  Respondents may not file a

---

[1] ECF No. 1-1 at 2.

[2] *Id.* at 3.

response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single dismissal motion, not in the answer; and (b) they must specifically direct their argument to the dismissal standard under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, may be included with the merits of an answer—instead, they must be raised in a single, consolidated motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court-record materials, if any, regarding each claim within the response to that claim.

IT IS FURTHER ORDERED that **Mendez-Soto will have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition**; any other requests for relief by respondents by motion otherwise are subject to the normal briefing schedule under the local rules.

IT IS FURTHER ORDERED that, regardless of Local Rule IC 2-2(g), paper copies of any electronically filed exhibits do not need to be provided to chambers or to the staff attorney, unless later directed by the court.

Dated: April 23, 2018

_____
U.S. District Judge Jennifer A. Dorsey